IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Issac Charles, III, | ) | C/A No.: 5:25-00835-BHH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Lottie Cash, John Doe and Jane Doe, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

On February 13, 2025, Plaintiff Issac Charles, III initiated this action by filing his Complaint pursuant to 42 U.S.C. § 1983 against the named Defendants. ECF No. 1. Plaintiff alleges Defendants violated his rights afforded to him under the Eighth and Fourteenth Amendments when Defendant Cash harassed and assaulted him while he was housed at a Department of Juvenile Justice ("DJJ") facility.

On March 25, 2025, Defendant Lottie Cash filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing Plaintiff fails to state a claim for relief in his pleading. ECF No. 8. On April 8, 2025, Plaintiff filed an Amended Complaint against Defendants. ECF No. 9. On April 14, 2025, Defendant Lottie Cash filed another Motion to Dismiss, arguing the Amended Complaint still fails to cure the defects outlined in the prior Motion. ECF No. 10. Plaintiff filed his Response on April 28, 2025. ECF No. 11. Defendant Cash filed her Reply on April 30, 2025. ECF No. 12. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C, which provides for all pretrial proceedings in certain types of matters be referred to a United States Magistrate Judge.

As an initial matter, because Plaintiff filed an Amended Complaint, which supersedes the

original Complaint, Defendant's initial Motion to Dismiss is denied as moot. *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect."). The undersigned now considers Defendant's Motion to Dismiss Plaintiff's Amended Complaint. ECF No. 10. Because the Defendant's Motion is dispositive, the undersigned enters this Report and Recommendation (the "R&R") for the district judge's consideration.

I.      Factual Background

The following recitation of facts are derived from Plaintiff's Amended Complaint, unless otherwise stated. DJJ is the state agency responsible for the custodial care and rehabilitation of children with a criminal status offense. ECF No. 9, ¶ 3. DJJ is responsible for housing and rehabilitating juveniles in South Carolina between the ages of 12 and 18. ECF No. 9, ¶ 15. Plaintiff was in the custody of the South Carolina DJJ at the Broad River Road Campus (the "BRRC") from approximately November 2023 through February 2024. ECF No. 9, ¶ 2. Plaintiff alleges that during his incarceration at DJJ, Defendant Lottie Cash used excessive force against him, causing him harm. ECF No. 9, ¶ 21. Plaintiff alleges Defendants John Doe and Jane Doe had knowledge of Defendant Cash's abusive conduct toward Plaintiff and other DJJ youth; however, they failed to keep the DJJ facilities safe or otherwise protect the youth from violence. ECF No. 9, ¶¶ 22-23. Plaintiff further alleges Defendants John Doe and Jane Doe failed to appropriately supervise Defendant Cash and failed to meet minimum standards set forth in federal law, South Carolina law, and DJJ policies and procedures. ECF No. 9, ¶¶ 24-25.

Specifically, Plaintiff alleges that in January 2024, Defendant Cash harassed and assaulted him while he was incarcerated at the BRRC. ECF No. 9, ¶ 28. Plaintiff alleges Defendant Cash

made physical contact with his person, used force on his person, and used her hands to make an unwarranted contact with Plaintiff. ECF No. 9, ¶¶ 31-34. Plaintiff alleges that, upon information and belief, DJJ's video surveillance system has an incident of the tortious conduct on video. ECF No. 9, ¶ 35. Plaintiff alleges the aforementioned conduct took place while Defendant Cash was on duty at DJJ. ECF No. 9, ¶ 36. Plaintiff alleges he was severely distraught after the assault; however, he did not report the incident while he was at BRRC, because he feared retaliation. ECF No. 9, ¶ 39. Instead, he reported the aforementioned conduct to Child Advocacy after Plaintiff was transferred to a different facility. ECF No. 9, ¶ 40. Plaintiff alleges the Doe Defendants were made aware of this harm; however, they failed to take steps to prevent Defendant Cash from harming additional youth in DJJ's custody. ECF No. 9, ¶ 44. Plaintiff further alleges the Doe Defendants were aware of assault allegations perpetrated by Defendant Cash on other juveniles prior to Plaintiff's assault. ECF No. 9, ¶ 43. Plaintiff brought several claims against Defendants: (1) failure to protect pursuant to the 14th Amendment against Defendants John and Jane Doe; (2) Cruel and Unusual Punishment pursuant to the Eighth Amendment against Defendants; and (3) Attorneys Fes and Costs of Litigation pursuant to 42 U.S.C. § 1988 against all Defendants.

II.      Standard of Review

Defendant Cash has moved to dismiss this action based on Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Fed. R. Civ. P. 12(b)(6). The court must examine the legal sufficiency of the facts alleged in a plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules

of Civil Procedure, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts allow the court to reasonably infer that a defendant is liable for the alleged misconduct. *Id.* This court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards*, 178 F.3d at 244. Indeed, "[t]he presence, however, of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support [the legal conclusion]." *Young v. City of Mount Rainier*, 238 F.3d 567, 577 (4th Cir. 2001).

Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to allow any named defendants to have "fair notice" of the claims and the grounds upon which they rest. *Twombly*, 550 U.S. at 555.

III.     Analysis

Defendant Cash argues that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. It is Defendant's position that Plaintiff brings one cause of action against Defendant Cash, as employee of the South Carolina DJJ, namely an Eighth Amendment claim for the infliction of cruel and unusual punishment based on the alleged use of excessive force.   Plaintiff, on the other hand, believes the allegations in the Amended Complaint are sufficient to state a claim for relief and seeks to engage in discovery moving forward.

Plaintiff's Amended Complaint indeed alleges that Defendant Cash violated the Eighth

4

Amendment.[1] The use of excessive force upon an inmate by a correctional officer violates the

Eighth Amendment's prohibition against cruel and unusual punishment. *Hudson v. McMillian*, 503

U.S. 1, 5 (1992).  A prisoner bringing an excessive force claim under the Eighth Amendment must

make two showings, one that is objective and one that is subjective. *Alexander v. Connor*, 105

F.4th 174, 182 (4th Cir. 2024). To establish these two elements, one must allege: (1) that the

correctional officer(s) acted with a sufficiently culpable state of mind (the subjective component);

and (2) that the harm inflicted on the inmate was sufficiently serious (the objective component).

*Gaskins v. South Carolina*, No. 8:15-cv-04456-JMC, 2016 WL 3207855, at *2 (D.S.C. June 10,

2016) (citing *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)); *see also Connor*, 105 F.4th

at 182.

The objective component focuses on "the nature of the force" used, rather than the extent

of a plaintiff's injuries and requires only a "nontrivial" use of force. *Connor*, 105 F.4th at 182

(citing *Wilkins v. Gaddy*, 559 U.S. 34, 34, 39 (2010)). The Fourth Circuit, in discussing the

objective component, has observed that it is "not a high bar, requiring only something more than

'*de minimis*' force.'" *Brooks v. Johnson*, 924 F.3d 104, 112 (4th Cir. 2019). Assuming Plaintiff's

allegations to be true, as required at this stage in the litigation, Plaintiff has sufficiently pled facts

sufficient to satisfy the objective element of an excessive force claim. A review of the Amended

---

[1] In her Motion, Defendant Cash asks this court to dismiss any claims brought pursuant to the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997 *et seq.* ("CRIPA"), because such claims may only be brought by the United States Attorney General to correct egregious conditions repeatedly depriving inmates of their constitutional rights and causing grievous harm. *See* 42 U.S.C. § 1997a. In Plaintiff's Response, Plaintiff states that he is not making a claim for relief under CRIPA. Rather, Plaintiff cites to standards of federal law, such as CRIPA, which govern incarcerated juveniles. *See* Pl.'s Br. at 3; ECF No. 11. Accordingly, based on Plaintiff's statement that he is not, in fact, bringing any claim pursuant to CRIPA, the undersigned need not address whether any such claim needs to be dismissed, as Plaintiff is not seeking a remedy pursuant to that law.

Complaint reveals that Plaintiff alleged the following: (1) Plaintiff was harmed by Defendant Cash's use of excessive force; (3) Defendant Cash assaulted Plaintiff; (3) the assault was an unwarranted touching of Plaintiff by Defendant Cash; (4) Defendant Cash made physical contact with Plaintiff; (5) Defendant Cash used force via using her hands to make contact with Plaintiff, and this contact was unwarranted; (6) there was no legitimate reason or excuse for the contact or use of force by Defendant Cash to Plaintiff; (7) Plaintiff was severely distraught after the assault; and (8) Plaintiff's injuries included physical harm, mental anguish, and pain and suffering. *See* ECF No. 9, ¶¶ 21, 28, 29; 31, 33, 34, 37, 39; 73.

These allegations establish that in January 2024, Defendant Cash, without reason or excuse, assaulted Plaintiff by using her hands to make contact with his person. Indeed, Plaintiff alleges that Defendant Cash used physical force against him and characterized the alleged contact as an "assault." He alleges that, as a result, he suffered both physical and mental harm. While brief, these allegations put Defendant Cash on notice as to the wrongdoing she is alleged to have committed against Plaintiff. These allegations collectively state that facts establishing more than "de minimis" force was used by Defendant Cash and clear the relatively low bar to establish the objective component.

With respect to the subjective component, Plaintiff alleges that (1) Defendant Cash's use of force was unlawful and constituted tortious mistreatment; (2) there was no legitimate reason or excuse for the contact or use of force by Defendant Cash to Plaintiff; and (3) Defendant Cash acted with malice, deliberate indifference, willfully, recklessly, and in a grossly negligent manner. *See* ECF No. 9, ¶¶ 37, 65, 66. In considering the subjective component in the context of an alleged excessive application of force, a plaintiff must show that the correctional officer or officers applied

6

force "maliciously and sadistically for the very purpose of causing harm" rather than in a good faith effort to "maintain or restore discipline." *Smith v. Wright*, No. PWG-13-2258, 2014 WL 4094898, at *3 (D. Md. Aug. 18, 2014) (quoting *Whitley v. Albers,* 475 U.S. 312, 320-21 (1986)). In *Whitley v. Albers*, the Supreme Court provided four non-exhaustive factors to weigh when deciding whether an alleged use of force was applied in a good faith effort to restore discipline. These factors include: (1) the need for the application of force; (2) the relationship between the need for the force and the amount of force used; (3) the extent of any reasonably perceived threat the use of force was intended to quell; and (4) any efforts made to temper the severity of a response. *Whitley*, 475 U.S. at 321. The undersigned has considered whether these allegations suffice to allege Defendant Cash acted with a "sufficiently culpable state of mind." Plaintiff alleges that Defendant Cash acted with malice during the alleged unwarranted touching/assault which took place while he was in DJJ custody. Further, Plaintiff alleges there was no legitimate reason or excuse, such as an attempt to secure order, a need to quell a disciplinary infraction, or for some other security reason. *See Harper v. C.O. Joseph Barbagallo*, No. 2:14-cv-07529, 2015 WL 5419442, at *4 (S.D.W.Va. 2016) ("The first *Whitley* factor—the need for the application of force—is essentially dispositive.").

Plaintiff alleges that the state of mind of Defendant Cash, specifically during the alleged assault, was both malicious and willful. Further, Plaintiff alleges that Defendant Cash did not have a legitimate reason for the alleged assault and carried out said contact with deliberate indifference. These allegations put Defendant Cash on notice of the claim being alleged against her. *See* Fed. R. Civ. P. 8(a)(2). The undersigned therefore finds that Plaintiff's allegations suffice to meet the pleading standard for alleging an Eighth Amendment excessive force claim.

7

After reviewing the allegations contained within Plaintiff's Amended Complaint, the undersigned finds that the allegations against Defendant Cash are sufficient to avoid dismissal on the grounds of "failure to state a claim" at this early stage of the proceedings. *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002)("[W]hen [dismissal for failure to state a claim] involves a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged'") (citing *Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988)).[2]

IV.    Conclusion and Recommendation

The court has made a careful review of the pleadings and arguments in this case. For the foregoing reasons, the undersigned finds that Defendant Cash's initial Motion to Dismiss, ECF No. 8, was superseded by the filing of Plaintiff's Amended Complaint, and should therefore be denied as moot, and further recommends that the court deny Defendant Cash's Motion to Dismiss, ECF No. 10, for the reasons stated herein.

---

[2] The undersigned notes that within the Amended Complaint, Plaintiff does not allege the first cause of action, violation of the Fourteenth Amendment for failure to protect Plaintiff while in DJJ care, against Defendant Cash. That claim is brought against the Doe Defendants. In his Response to Defendant's Motion to Dismiss, while Plaintiff states that Defendant's argument for dismissal of the Eighth Amendment claim is identical to the argument against the Fourteenth Amendment claim, Plaintiff then states, "Plaintiff has pleaded factual content that allows [the] Court to draw the reasonable inference that Defendant is liable for using force that violated the standards of decency and constituted [a] violation of the Eighth Amendment." Pl.'s Br. at 3, ECF No. 11. Plaintiff does not otherwise discuss or analyze the Fourteenth Amendment. Based on this argument, as well as the allegations contained within the Amended Complaint, the undersigned does not construe Plaintiff's Amended Complaint as bringing a claim against Defendant Cash pursuant to the Fourteenth Amendment, as he alleges against Defendant Does. Therefore, there is no Fourteenth Amendment claim to dismiss.

IT IS SO RECOMMENDED.

November 21, 2025                                     Kaymani D. West
Florence, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

10