IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Issac Charles, III,                          )
                                             )
                    Plaintiff,               )
                                             )          Civil Action No. 5:25-cv-835-BHH
v.                                           )
                                             )                    **ORDER**
Lottie Cash, John Doe, and Jane Doe,         )
                                             )
                    Defendants.              )
_____ )

       This matter is before the Court upon Plaintiff Issac Charles, III's ("Plaintiff") complaint alleging violations of his constitutional rights.  (ECF No. 1.)  On March 25, 2025, Defendant Lottie Cash filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 8.)  On April 8, 2025, Plaintiff filed an amended complaint.  (ECF No. 9.)  On April 14, 2025, Defendant Lottie Cash filed another motion to dismiss, asserting that the amended complaint still fails to cure the defects outlined in the prior motion.  (ECF No. 10.)  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for pretrial proceedings.

       On November 21, 2025, the Magistrate Judge issued a Report and Recommendation ("Report"), outlining the issues, noting that Defendant's first motion to dismiss is moot based on the filing of Plaintiff's amended complaint, and ultimately recommending that the Court deny Defendant's second motion to dismiss because Plaintiff's allegations are sufficient to avoid dismissal for failure to state a claim at this early stage in the proceedings.  (ECF No. 22.)  Attached to the Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, no objections have been filed, and the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's careful analysis. **Accordingly, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 22); the Court denies Defendant Cash's initial motion to dismiss (ECF No. 8); and the Court denies Defendant Cash's subsequent motion to dismiss (ECF No. 10) for the reasons set forth in the Report.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

December 9, 2025
Charleston, South Carolina

2